**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **KYLIA SNIDER,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 1:26-cv-216-H** |
| | § | |
| **RES-CARE, INC. AND EDUCARE COMMUNITY LIVING CORPORATION - TEXAS,** | § § § | |
| | § | |
| **DEFENDANTS.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT RES-CARE'S FIRST AMENDED RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Kylia Snider ("Plaintiff" or "Mrs. Snider") files this response to Defendant Res-Care, Inc. ("Defendant" or "Res-Care")'s First Amended 12(b)(6) Motion to Dismiss and Brief in Support ("Motion to Dismiss"). Mrs. Snider asserts that Res-Care and co-Defendant EduCare Community Living Corporation – Texas discriminated and retaliated against her due to her sex and pregnancy, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e *et seq.*, the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg *et seq.*, the Providing Urgent Maternal Protections Act ("PUMP Act"), 29 U.S.C. § 218d, and Chapter 21 of the Texas Labor Code, TEX. LAB. CODE § 21.001 *et seq.* Only Res-care files a 12(b)(6) Motion to Dismiss. [Doc. 31].

Although not styled as a partial motion to dismiss, Res-Care seeks dismissal only of Mrs. Snider's PWFA and PUMP Act claims on the basis that Mrs. Snider has not sufficiently alleged that Res-Care was her employer. Even if the Court were to grant Res-Care's Motion to Dismiss in its entirety, Mrs. Snider has plausibly stated claims under Title VII (including the PDA) and the

Texas Labor Code. Therefore, she is entitled to move forward on those claims. The Court should deny Res-Care's Motion to Dismiss her PUMP Act and PWFA claims because Mrs. Snider has plausibly stated claims of discrimination and retaliation under those laws as well.

As more fully explained and supported in Mrs. Snider's Brief, Res-Care's Motion to Dismiss Mrs. Snider's PWFA and PUMP Act discrimination and retaliation claims must fail for the following reasons:

First, Mrs. Snider sufficiently pleads that, as an economic reality, Res-Care is her employer under the FLSA, as is required for a PUMP Act claim. 29 U.S.C. § 218d. The PUMP Act incorporates the definition of an "employer" from the FLSA: "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Multiple employers may exist for the purposes of FLSA liability." *Barrick v. Edge OFS Holdings*, LLC, No. PE-24-CV-00003-DC-DF, 2025 WL 498548, at *3 (W.D. Tex. Jan. 29, 2025), *report and recommendation adopted*, No. P:24-CV-0003-DC, 2025 WL 495563 (W.D. Tex. Feb. 13, 2025).

Res-Care argues that, under the four-part economic realities test of *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012), Res-Care never employed Mrs. Snider or the individuals who mistreated her. The *Gray* factors are: "[w]hether the alleged employer '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010).

Mrs. Snider pleads that she received her offer letter via email from Ashleigh Agan, who described herself in a text as "HRA for Rescare." [Doc. 28 at ¶ 17.] Ms. Agan's email address was ashleigh.agan@rescare.com. [*Id.*] Mrs. Snider alleges Ms. Agan's email to her read "Your BrightSpring Offer," and that she was directed to a link to the "BrightSpring Health Service career

website" to accept the offer. [Doc. 28 at ¶¶ 17, 18.] Mrs. Snider alleges that BrightSpring owned Res-Care at the time. [Doc. 28 at ¶ 9.] Ms. Agan told Mrs. Snider that she was assigned to the Res-Care Community Living Center in Abilene. [Doc. 28 ¶ 21.] Every document Mrs. Snider received during onboarding, including those outlining payment policies, identified Res-Care as the employer, with no mention of EduCare. [Doc. 28 ¶ 20.] From these facts, it is plausible that Res-Care possessed the authority to hire and fire Mrs. Snider and determine her rate and method of payment, the first and third *Gray* factors. It is also plausible that Ms. Agan as Res-Care HRA maintained Mrs. Snider's employment records, the fourth *Gray* factor.

Mrs. Snider also alleges that Res-Care HRA Ashleigh Agan allowed her to complete training from home before her first day in the office, as an initial accommodation. [Doc. 28 at ¶ 25.] Mrs. Snider alleges that nobody referred to themselves as an employee of EduCare or Res-Care. [Doc. 28 at ¶ 23.] Everyone referred to themselves as "regional" or "corporate." [*Id.*] Everyone referred to the entire operation as "Res-Care" or "BrightSpring." [*Id.*] Mrs. Snider alleges that she was asked to attend training at the "corporate office" in Brownwood, inside the Res-Care Community Living Center in Brownwood, Texas. [Doc. 28 at ¶ 22.] Mrs. Snider alleges that she understood the corporate employees in Brownwood to be employees of Res-Care, including her dotted line manager George Dudley, HR Generalist Lisa Hernandez, and Client Benefit Coordinator Jenny Spruill. [*Id.*] From these facts, it is plausible that Res-Care supervised and controlled Mrs. Snider's work schedule and conditions of employment, the second *Gray* factor.

For purposes of determining whether Mrs. Snider has failed to state a claim upon which relief can be granted, all of these allegations must be taken as true and all reasonable inferences

must by drawn in Mrs. Snider's favor. *See Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

Second, Res-Care argues that Mrs. Snider failed to sufficiently plead a PUMP Act retaliation claim because she did not plausibly allege that Res-Care was her employer or retaliated against her. [Doc. 31 at p. 15.] As Res-Care correctly notes, the PUMP Act amends the FLSA, and coverage under the FLSA's anti-retaliation provision applies more broadly to "any person" rather than just to an "employer." [Doc. 31 at p. 15 citing 29 U.S.C. § 215(a)(3).] Even if the Court were to find that Mrs. Snider has failed to plausibly allege that Res-Care meets the definition of an "employer" under the statute, Res-Care is a "person" under the law. The same factual allegations that plausibly allege that Res-Care meets the definition of an "employer" under the FLSA support a plausible allegation that Res-Care is a "person" under the FLSA, and therefore, Res-Care's Motion to Dismiss should be denied.

Third, Mrs. Snider sufficiently pleads facts such that it is plausible that Res-Care and EduCare are a single integrated employer, which is the standard for joint employer liability under Title VII and the PWFA. *Bracey v. Merakey*, No. 25-537-SDD-EWD, 2026 WL 1236131 at *2 n.22 (M.D. La. Mar. 23, 2026), *report and recommendation adopted*, No. 25-537-SDD-EWD, 2026 WL 1230810 (M.D. La. Apr. 27, 2026). Under Title VII, "superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983). The PWFA uses this same standard to determine whether two or more employers constitute a single employer. *See Bracey*, 2026 WL 1236131 at *2 n.22. As set forth more fully in her Brief, Mrs. Snider pleads facts plausibly suggesting that Res-Care is sufficiently intertwined with and exerts sufficient control over EduCare that the two constitute a single integrated employer.

Fourth, because Mrs. Snider plausibly pleads that Res-Care and EduCare are a single employer for PWFA liability purposes, Mrs. Snider plausibly pleads that Res-Care is liable for any retaliation that she suffered under the PWFA. *See Trevino*, 701 F.2d at 404. Res-Care's argument assumes that the two individuals responsible for the most egregious conduct toward Mrs. Snider - Area Supervisor Keisha Matthews and Program Manager Tasha Yager - are EduCare employees and cannot be agents or employees of Res-Care. That is a fact question ultimately to be resolved by a jury.

WHEREFORE, Mrs. Snider respectfully requests that the Court deny Res-Care's Motion to Dismiss Mrs. Snider's PUMP Act and PWFA claims against Res-Care; any for such other and further relief at law or in equity to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
Holly B. Williams
Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

Kyla Gail Cole
Texas State Bar No. 24033113
**COLE/LEGLER PLLC**
8150 N Central Expressway, 10th Floor
Dallas, TX 75206
(214) 748-7777
(214) 748 7778 (fax)
kyla@nlcemployeelaw.com

**ATTORNEYS FOR PLAINTIFF KYLIA SNIDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Holly Williams
Holly B. Williams